UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CASE NUMBER: 09-20618
                                          HONORABLE VICTORIA A. ROBERTS

v.

BRANDON HENRY DAVIS-DEVINE,

        Defendant.
                                        /

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

Defendant Brandon Henry Davis-Devine was indicted on charges of counterfeiting and possession of counterfeit money. On February 16, 2010, Defendant filed a motion to suppress, which the Court referred to Magistrate Judge Mark A. Randon. The Magistrate Judge filed a Report and Recommendation on April 21, 2010 ("Report"), recommending that the Court GRANT the motion to suppress. Defendant filed a timely objection, to which the Government responded.

The Court **DENIES** Defendant's objection and **ADOPTS** the Report and Recommendation.

**II.    BACKGROUND**

In the early morning of November 19, 2009, police officers responded to a gas station in Romulus, Michigan, where a patron was suspected of trying to pass a counterfeit $20 bill to the cashier. The suspect told the police that he received the bill from a man named "Jay," in room 241 of the Metro Inn. He described Jay as a white

male, 5' 7", with a five o'clock shadow and a spider web tattoo on his left hand. Defendant is a black male who measures 6' 2".

At approximately 3:45 a.m., three officers arrived at the Metro Inn without a search warrant, and proceeded to room 241. The officers did not question the hotel staff about the room occupants. As the officers approached, a woman left room 241 and walked towards them. An officer asked where she came from, to which she answered: "Room 242," despite the fact that room 242 is on the opposite side of the hallway. The officers continued towards room 241, when a teenaged girl stepped out. They asked her if there was anyone else inside, to which she responded: "no."

As the officers were about to knock on room 241, the door opened and Defendant stepped out with a blue canvas bag on his shoulder. When he saw the officers, Defendant dropped the bag and walked back into the room. One officer stepped into the room and questioned Defendant, while another reached down and opened the bag, purportedly to check it for weapons. Inside, the officer discovered an envelope containing several sheets of paper, each with multiple images of $20 bills with identical serial numbers. Based on this, the police arrested Defendant; a search yielded more counterfeit bills in his pocket.

Defendant moved to suppress evidence obtained in the search. He argues that the officers unlawfully searched his bag, and therefore, they lacked reasonable cause to arrest him, search him, and to intrude into the privacy of his hotel room.

The Magistrate Judge recommends that Defendant's motion be granted. He reasons that, under *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny, the officers had proper grounds to stop and question Defendant, but they were not justified in searching

2

his bag.

Defendant objects only to the finding that officers had sufficient legal basis to perform an investigative stop. The Government does not object to the Report and Recommendation, but responds to support the Magistrate Judge's determination.

## III. ANALYSIS

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must assess whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). If two permissible views of the evidence exist, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

A law enforcement official may stop and briefly detain a person whom the officer reasonably suspects to be engaged in, or about to engage in, criminal activity. *United States v. Hensley*, 469 U.S. 221, 227 (1985); *United States v. Atchley*, 474 F.3d 840, 847 (6th Cir. 2007). However, an inchoate and unparticularized suspicion is not a sufficient basis to effectuate an investigatory stop. *Terry*, 392 U.S. at 27. "Instead, the officer must be 'able to articulate some minimal level of objective justification for making the stop,' based upon 'specific reasonable inferences which he is entitled to draw from the facts in light of his experience.'" *United States v. Smith*, 594 F.3d 530, 537 (6th Cir.

3

2010) (*quoting United States v. Waldon*, 206 F.3d 597, 604 (6th Cir. 2000); *United States v. Foster*, 376 F.3d 577, 585 (6th Cir. 2004)) (internal quotations omitted); *see also Terry*, 392 U.S. at 21.

The Magistrate Judge finds that the circumstances of the encounter gave rise to a reasonable suspicion that Defendant was engaged in criminal activity. In particular, he notes that: (1) the police had information from a man who tried to pass a fake $20 bill that he says he obtained from someone staying in room 241 of the Metro Inn; (2) the officers observed two women, one of whom was a minor, separately exit room 241 at 3:45 in the morning; and (3) each woman answered a clear and simple question with an incontrovertible falsehood. (Report 10-11.) The Magistrate Judge opines that this is a close case, because Defendant looks nothing like the suspect "Jay." However, he concludes that the police had proper grounds to stop and question Defendant.

While this is indeed a close call, the Court cannot conclude that the Magistrate Judge's determination is clearly erroneous. The officers had a reasonable suspicion, based on an informant's tip, that someone in room 241 was engaged in criminal activity involving counterfeit money. Their suspicions were reinforced by the level of activity at room 241 in the middle of the night, and by the blatantly dishonest answers they received to apparently innocent questions. Lastly, although Defendant's reaction may be partly ascribed in part to surprise, it was not unreasonable for the officers to suspect him of engaging in criminal activity after they observed him abandon his bag and retreat into the room.

## IV. CONCLUSION

The officers did not violate Defendant's Fourth Amendment rights when they

initially stopped and questioned him, before opening his bag. Since neither side objects to the rest of the Magistrate Judge's findings, the Court **ADOPTS** the Report and Recommendation and suppresses the evidence obtained in the search of Defendant's hotel room.

**IT IS ORDERED.**

                                              /s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: June 17, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 17, 2010.

s/Linda Vertriest
Deputy Clerk

---